IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Barry DeHaven and Mary DeHaven,<br><br>            Plaintiff,<br>v.<br><br>The Kroger Company,<br><br><br>Defendant. | Case No.: 4:19-cv-02816-SAL<br><br><br>**CONSENT<br>CONFIDENTIALITY ORDER** |

WHEREAS the parties to this Consent Confidentiality Order ("Order"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 29th day of January, 2020, ORDERED:

1. **Scope.** All documents produced in the course of discovery designated as "CONFIDENTIAL" shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by being stamped "CONFIDENTIAL" in a manner which does not interfere with the legibility of the underlying document. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL" shall not be deemed a waiver of their confidential nature; nor shall it constitute a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Protection of Confidential Material.**

  a. **General Protections.** Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties for any purposes

1

whatsoever other than for use in preparing for and conducting the litigation of the above-captioned case for which the documents were disclosed (including any appeal of that litigation).

      b.    **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity **except** as set forth in subparagraphs (1)-(5) below, and then only after the person or entity to whom disclosure is to be made has executed a written statement confirming his, her or its agreement to comply with every element of this Order. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL" pursuant to this Order:

(1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(3)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(4)    mediators engaged by the parties to mediate the case; and

(5)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

      c.    **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential pursuant to the terms of this Order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents.

      d.    **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation

"CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

4. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion.

5. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

6. **Challenges to Designation as Confidential.** Any "CONFIDENTIAL" designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

b. A party who contends that documents designated "CONFIDENTIAL" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have thirty (30) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, the contested material shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth above; or

(3) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including the conclusion of any appeal, all documents treated as confidential under this Order which are in the possession of the non-producing party, including copies as defined above, shall be returned to counsel for the producing party unless the parties stipulate to destruction in lieu of return.

4

8. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

9. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under any applicable Court Rule or otherwise until such time as a document-specific ruling shall have been made.

10. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

January 29, 2020

Florence, South Carolina